IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| Le'TROY DEWAYNE MERRITT | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:19cv616 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Le'Troy Merritt, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Merritt was convicted by a jury of aggravated robbery, receiving a sentence of 25 years in prison on September 28, 2017. He took a direct appeal, and the Twelfth Judicial District Court of Appeals affirmed his conviction on October 17, 2018. *Merritt v. State*, slip op. no. 12-17-00303, 2018 WL 5023590 (Tex.App.-Tyler, October 17, 2018, no pet.). Merritt did not seek discretionary review from the Texas Court of Criminal Appeals.

The facts of the case, as stated in the opinion of the Twelfth Court of Appeals, were as follows:

> On February 5, 2017, four individuals participated in an armed robbery of a WalMart store located at 6801 South Broadway in Tyler, Texas. Just before midnight, WalMart employee Cosandra Williams was removing cash from some of the registers to secure that money in an in-store vault. Appellant, one of the overnight assistant managers was with her as she did so. When she reached the room where the vault was located, Appellant kept walking and two individuals, one of whom was

> armed, forced Williams at gunpoint into the vault room. Thereafter, the individuals took multiple bags of the money she was transporting to the vault and fled the scene. Appellant later was arrested and indicted for aggravated robbery for his alleged participation in the crime. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.
>
> At trial, over Appellant's hearsay objection, the State admitted an exhibit containing several text messages recovered from a phone owned by one of the participants in the robbery. According to Tyler Police Department Detective Jason Compton, four text messages in the exhibit were sent from a phone belonging to Appellant and identified on the recipient's phone as originating from "Amari Daddy." The text messages at issue read as follows:
>
> Once he point the gun he need to say don't say [sh*t] or you're dying tonight.
>
> ....
>
> 6801 S. Broadway Ave, Tyler, TX 75703
>
> ....
>
> Yessss money stay in your car lol
>
> ....
>
> Answer tha [f*ckin] phone
>
> Appellant later testified, acknowledged that he sent the text messages at issue, but offered an innocent explanation of their respective contents. Thereafter, the State called two accomplice witnesses, who testified that Appellant was involved in the robbery. Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for twenty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

*Merritt*, 2018 WL 5023590 at *1.

The Twelfth Court of Appeals held that the text messages were inadmissible hearsay and that the trial court abused its discretion by admitting the exhibit of which they were a part. However, the appellate court went on to state that the erroneous admission of the text messages did not have a substantial and injurious effect or influence in determining the jury's verdict and therefore did not affect Appellant's substantial rights. Thus, the court concluded that the error was harmless and affirmed the conviction.

## II. Merritt's State Habeas Petition

On June 24, 2019, Merritt filed a state habeas corpus petition challenging the conviction. This petition was denied without written order on the findings of the trial court on October 2, 2019. (Docket no. 21-18, p. 1).

In his state habeas petition, Merritt argued that: (1) the State's closing argument was improper; (2) the admission of a purported call log from Merritt was improper, and his hearsay objection to this call log was improper; and (3) the admission of the text messages was improper. (Docket no. 21-21, pp. 12-36).

The state habeas court findings of fact and conclusions of law determined that: (1) Merritt did not allege and prove that the State's argument fell outside of the proper areas of jury argument, and in any event he did not object to the argument and therefore procedurally defaulted this claim; (2) the propriety of the ruling at trial to admit a cell phone call log over a hearsay objection is not cognizable on habeas, and in any event Merritt forfeited any alleged error by not raising the issue on direct appeal when nothing in the record or alleged in his writ application prevented him from doing so; and (3) the Court of Appeals found harmless any error from the admission of his text messages, and Merritt cannot re-litigate a matter on habeas which a reviewing court decided against him on direct appeal. (Docket no. 21-21, p. 45). The Texas Court of Criminal Appeals denied Merritt's state habeas petition without written order on the findings of the trial court without a hearing. (Docket no. 21-18, p. 1).

## III. The Federal Habeas Petition

In his original and amended federal habeas petitions and a memorandum in support, Merritt asserts that the trial court erred in admitting the text messages because they are hearsay, and that the Twelfth Court of Appeals erred in its harm analysis. He stated that the text messages were argued by the State at trial on more than one occasion as a basis upon which to find a verdict of guilty during closing argument, and argued that the text messages were a crucial, critical, and highly

significant part of the State's case and its closing argument. Merritt complained that printouts of the text messages were allowed in the jury room during deliberations.

Merritt argues that the text messages "did in fact contribute" to his conviction or punishment and caused "actual prejudice and influence" in determining the jury's verdict. He contends that the use of the text messages was so pervasive as to deny him a fundamentally fair trial.

According to Merritt, the State relied upon *Ex Parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App. 1994) in denying his state habeas petition, but the State failed to acknowledge the case as a whole. He says that while *Drake* states that absent some kind of new law or evidence, habeas corpus cannot be used to relitigate matters which wee addressed on appeal, the case also says that previous litigation of an issue does not necessarily bar its reconsideration on habeas corpus. Merritt cites *Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex.Crim.App. 1998) as saying that record claims not raised on direct appeal will not be reviewed on a writ of habeas corpus; he also cites *Ex Parte Cruzata*, 220 S.W.3d 518, 520 (Tex.Crim.App. 2007) as saying that where an appellant has alleged nothing which preventing him from raising his claim on direct appeal, he cannot later assert that claim for the first time on habeas. Merritt argues that these cases rebut the State's reason for denying his state habeas petition, although he does not explain how they do so.

The Respondent has filed an answer arguing that Merritt's claims are unexhausted and procedurally barred, and that they lack merit in any event. With regard to the procedural default, the Respondent states that Merritt's claims were never properly presented to the Texas Court of Criminal Appeals because Merritt did not file a petition for discretionary review and the state habeas court determined that his claims were not cognizable because the first claim did not have an objection raised at trial, the second claim was not raised on direct appeal but could have been, and the third claim was resolved on direct appeal and thus cannot be re-litigated in habeas corpus.

In his response to the answer, Merritt says that in his state habeas petition, he checked boxes indicating that the petition concerned both a conviction and an out-of-time appeal or petition for discretionary review. Thus, he contends that the denial of his petition without written order

amounted to a denial of an out of time petition for discretionary review, meaning that the Court of Criminal Appeals ruled on the merits of his claim and thus exhausted them.

Merritt again asserts that under *Ex Parte Drake*, the previous litigation of an issue does not necessarily bar its reconsideration on habeas corpus. He says that he objected to the text messages and call log as hearsay, but these objections were overruled. Merritt argues at length that the improper admission of the challenged evidence affected his substantial rights and denied him a fundamentally fair trial. Merritt also asserts that the appellate court should have reviewed the closing argument under a plain error standard when counsel failed to object, and that the harm analysis undertaken by the appellate court was contrary to or an unreasonable application of clearly established federal law because the text messages had a substantial or injurious effect upon the jury's verdict. He contends that the jury's finding of use of a deadly weapon was improper and the cumulative effects of each of the errors he identifies deprived him of due process.

In his first supplemental response, Merritt says that he has two ways of presenting his claims to the Texas Court of Criminal Appeals, either through a petition for discretionary review or a state habeas petition, but he need not undertake both; he says that once the state court has ruled on a claim, it is unnecessary to seek collateral relief based upon the same evidence already decided on direct review.

In his second supplemental response, Merritt says that the Respondent's contention that his first claim is unexhausted and procedurally barred is refuted by *Loynachan v. Davis*, 766 F.App'x 156, 2019 U.S. App. LEXIS 10086, 2019 WL 1511002 (5th Cir., April 5, 2019). He contends that the Twelfth Court of Appeals incorrectly interpreted state law and thus cannot be said to have used "sound judgment." According to Merritt, this incorrect interpretation of state law violated his due process right to a fair trial.

**IV. Legal Standards and Analysis**

In *Loynachan*, the Fifth Circuit explained that federal habeas courts cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state, citing 28

U.S.C. §2254(b)(1)(A). Exhaustion requires that the state court be afforded a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim.

In order to exhaust a claim, the Fifth Circuit stated that the petitioner must present that claim to the highest court of the State, which in Texas is the Court of Criminal Appeals. This may be done by filing a petition for discretionary review following a direct appeal or an application for a post-conviction writ of habeas corpus. There is no requirement that a petitioner undertake both avenues; however, the claim must be presented in a procedural context in which the state court necessarily reviews the claim on the merits. The Fifth Circuit has explained that if a state court bases its decision upon the alternative grounds of procedural default and a rejection on the merits, the federal court must, in the absence of a showing of cause and prejudice, deny habeas relief because of the procedural default. *Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005); *Amos v. Scott*, 61 F.3d 333, 341-42 (5th Cir. 1995).

Where the state court does not review the petitioner's claim on the merits, but rejects the claim based upon an adequate and independent state law ground, the federal court will consider the claim procedurally defaulted. *Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir.), *cert. denied*, 523 U.S. 1113 (1998). Where a procedural default has occurred, federal habeas review of the claim is barred unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice would result from the failure to address his federal claim. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Fundamental miscarriages of justice are limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Merritt's first ground for relief is that the trial court erred in admitting the text messages because they are hearsay. The state habeas court found that this claim had been resolved on direct appeal and thus could not be relitigated in habeas corpus. As a result, this claim has never been presented to the Texas Court of Criminal Appeals in a procedurally proper manner; Merritt did not

file a petition for discretionary review and thus did not present the claim to the Court of Criminal Appeals on direct appeal, and the claim was not resolved on the merits in the state habeas proceeding because it was raised in his direct appeal to the Twelfth Court of Appeals and was thus defaulted because it could not be relitigated in habeas corpus.

As a general rule, Texas habeas corpus cannot be used to relitigate matters which were addressed on direct appeal. *Ex Parte Schuessler*, 846 S.W.2d 850, 852 n.6 (Tex.Crim.App. 1993). A limited exception exists where a prior judgment is rendered void or where the Court of Criminal Appeals has decided to apply relief retroactively after a subsequent change in law. *Ex Parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App. 1994).[1] The procedural rule prohibiting relitigation in habeas corpus of matters resolved on direct appeal is an adequate and independent state procedural ground, foreclosing federal habeas corpus review unless Merritt can show cause and prejudice or a fundamental miscarriage of justice. *See LeMasurier v. Dretke*, civil action no. 4:05cv472, 2006 U.S. Dist. LEXIS 18222, 2006 WL 929273 (N.D.Tex., April 10, 2006) (claims raised on direct appeal could not be relitigated in state habeas corpus and thus were procedurally defaulted from federal habeas corpus review.

Merritt does not allege, much less show, cause for the default, nor does he demonstrate that a fundamental miscarriage of justice will occur if his claim regarding the text messages is not considered. As a result, Merritt's first claim is procedurally defaulted. *Id.*

In his second claim, Merritt argued that the Twelfth Court of Appeals erred in its harm analysis because the text messages were crucial, critical, and highly significant to the State's case and its closing argument. To the extent that he is challenging the decision of the Twelfth Court of Appeals itself, he did not raise such a challenge through a petition for discretionary review or in his state habeas proceeding, even if he could raise such a claim through state habeas, and so this claim

---

[1] Although Merritt relies on *Drake*, he does not show that any previous judgment has been rendered void or that the Court of Criminal Appeals decided to apply relief retroactively after a change in law.

is unexhausted. *See* Tex. R. App. P. 68.1 (decision of the courts of appeals are reviewed by the Court of Criminal Appeals through petitions for discretionary review); *Ex Parte Banks*, 769 S.W.2d 539 (Tex.Crim.App. 1989) (habeas corpus is not a substitute for appeal). Because Merritt could have presented this claim to the Court of Criminal Appeals on direct appeal through a petition for discretionary review but did not, and the state habeas court determined that he could not relitigate the claim in habeas corpus, it is now procedurally barred. *See Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006), *cert. denied*, 552 U.S. 834 (2007).

In *Ex Parte Gardner*, the Texas Court of Criminal Appeals held that the appellant procedurally defaulted a Fifth Amendment claim based on *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) by failing to raise it on direct appeal. In *Ex Parte Cruzata*, the Court of Criminal Appeals reiterated that habeas corpus cannot be used to assert claims which could have been raised on direct appeal; thus, because nothing prevented the appellant from appealing his sentence and asserting that it was improper, he cannot raise that claim in habeas corpus.

Although Merritt argues that his state habeas petition doubles as an out-of-time petition for discretionary review, apparently because he checked a box on the form stating that his petition concerned an out-of-time appeal or petition for discretionary review, he does not show that the Court of Criminal Appeals granted him leave to file an out of time petition for discretionary review, much less that he ever filed such a petition. *See, e.g.*, *In re Steptoe*, 132 S.W.3d 434, 435 (Tex.Crim.App. 2004) (granting leave in a habeas petition to file an out of time petition for discretionary review and affording the petitioner 30 days from the date of issuance of the mandate in which to do so). Merritt cannot have his claims reviewed as an out of time petition for discretionary review simply by checking a box on the form; he must obtain leave to file an out of time petition for discretionary review and then do so. To the extent Merritt contends that his habeas petition also served as an out of time petition for discretionary review, his contention is without merit.

Merritt further asserts that the state court erred by not considering whether the use of the text messages amounted to plain error. He did not present this claim in his state habeas petition, so it

is unexhausted and thus procedurally defaulted. In any event, in order to prevail on a claim of state court error, he must show that the state court's adjudication of the claim resulted in a decision which was contrary to or involved an unreasonable application of federal law, as determined by the Supreme Court, or resulted in a decision based on an objectively unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002); 28 U.S.C. §2254(d). Merritt has wholly failed to make such a showing. His claims are procedurally defaulted and may therefore be dismissed.

## V. Conclusion

A review of the record shows that Merritt did not file a petition for discretionary review and thus did not present his claims on direct appeal to the Texas Court of Criminal Appeals in a procedurally proper manner. Each of the claims raised in his state habeas petition were found to be procedurally defaulted from state habeas review, so these claims also were not properly presented to the Court of Criminal Appeals. If he filed a second state habeas petition, it would be dismissed as successive unless he could show that the claims could not have been presented originally or that but for a constitutional violation, no rational juror could have found him guilty beyond a reasonable doubt. Tex. R. Crim. Pro. 11.07(4); *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). The state habeas court findings indicate that his claims could have been presented originally and Merritt wholly fails to show that but for a constitutional violation, no rational juror could have found him guilty beyond a reasonable doubt. Because he did not exhaust his state remedies and a second state habeas petition would be dismissed as successive, Merritt's claims are procedurally defaulted and should be dismissed on this basis. *Sones v. Hargett*, 61 F.3d 410, 416 (1995); *see also In re Davila*, 888 F.3d 179, 187 (5th Cir. 2018).

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the

district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Merritt's claims have been procedurally defaulted. Consequently, Merritt is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as procedurally defaulted. 28 U.S.C. §2244(d). It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 20th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE