IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LE'TROY DEWAYNE MERRITT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-616-JDK-KNM |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Le'Troy Dewayne Merritt, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On April 20, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice as procedurally defaulted. Docket No. 30. In response to the Report, Petitioner filed a notice of appeal and request for certificate of appealability. Docket No. 32. However, the notice of appeal is premature because a magistrate judge report is not an appealable order. *Propes v. Dretke*, 130 F. App'x 654 (5th Cir. 2005) (citing *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998)). In the interest of justice, the Court will construe Petitioner's request for a certificate of appealability as objections to the Report.

1

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

As explained in the Report, Petitioner directly appealed his conviction to the Twelfth Judicial District Court of Appeals, which ruled against him, but did not seek discretionary review of this decision to the Texas Court of Criminal Appeals. He then sought state habeas relief, but the state habeas court determined that his evidentiary challenges were not cognizable in habeas corpus because they had been resolved on direct appeal or were otherwise defaulted. The Magistrate Judge therefore concluded that Petitioner's claims had never been presented to the Texas Court of Criminal Appeals in a procedurally proper manner, rendering these claims procedurally defaulted.

In his objections, Petitioner discusses the procedural default rules and how Texas criminal defendants may present their claims through the state courts, on direct appeal and through state habeas corpus procedures. He then argues that inadmissible evidence offered in his trial had a substantial and injurious effect upon the jury's verdict, denying him his fundamental right to a fair trial and his right to due process. Petitioner contends that the appellate court unreasonably applied the

2

governing legal principles to the facts of his case, apparently by upholding the admission of the challenged evidence.

But the crux of this case is that Petitioner did not seek discretionary review of the affirmance of his conviction on direct appeal. The claims raised in his direct appeal thus were not presented to the Texas Court of Criminal Appeals. When he sought state habeas corpus relief, the court ruled that his claims were not cognizable, so they were not addressed on the merits. As a result, Petitioner's claims were never presented to the State of Texas's highest court in a procedurally proper manner, resulting in procedural default. *Brewer v. Quarterman*, 466 U.S. 344. 347 (5th Cir. 2006), *cert. denied*, 552 U.S. 834 (2007); *Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir.), *cert. denied*, 523 U.S. 1113 (1998).

In order to overcome a procedural default, Petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, meaning the conviction of a person who was actually innocent of the crime for which he was convicted. *Harper v. Lumpkin*, 19 F.4th 771, 781 n.1 (5th Cir. 2021); *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019). Here, the Magistrate Judge correctly determined that Petitioner failed to show cause for the default or actual prejudice as a result of an alleged violation of federal law or that the failure to consider his claims would result in a fundamental miscarriage of justice. Docket No. 30 at 6–9. Petitioner's objections present nothing to controvert this conclusion. Nor has Petitioner shown that the state court's adjudication of his claims

resulted in a decision which was contrary to or involved an unreasonable application of federal law, as determined by the Supreme Court, or resulted in a decision based on an objectively unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002); 28 U.S.C. § 2254 (d).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 32) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 30) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as procedurally defaulted. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **14th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE